31

Charles J. Jager Co.  
vs.                  } Eq. No. 4042  
Walter H. Jackson  

December 3, 1917

BLODGETT, J. This is a bill in equity asking that respondent be restrained from prosecuting a certain action at law brought by respondent against the complainant and now pending in the District Court of the Sixth Judicial District of this state; that respondent be directed to answer certain interrogatories contained in said bill; and that respondent be ordered to make an accounting to complainant of certain profits alleged to have accrued to respondent from certain contracts made while respondent was the manager of complainant's business.

The bill sets forth that respondent was the manager of complainant's business and while such manager contracted to perform work which came to his knowledge by reason of his employment for his own profit, the two instances specifically alleged

being one Charles H. Hutchins at Seaconnet and Charles D. Kimball at South Kingstown. Further that respondent resigned from the employ of complainant August 19, 1916, and made a copy for his own use of a card index containing a list of complainant's customers before said resignation, and that while in complainant's employ respondent devoted time and attention to other matters to the detriment of complainant business.

The business of complainant was installing water and sewage disposal systems and after resignation respondent carried on the same line of business.

Subsequent to his resignation respondent brought an action to recover from complainant certain amounts due for salary and for money advanced by respondent for benefit of complainant, which action is now pending in said Sixth District Court, the bill of particulars filed in said action showing said amount to be $251.20.

The only contracts testified to as having been entered into by respondent previous to his resignation were the Hutchins and Kimball contracts respectively.

As to the Hutchins contract: This was a very small repair job which totaled altogether $13.75 and the testimony of respondent is not denied that this work was done neither by himself nor by the complainant, but by an outsider altogether. The only material used in the job except a few bricks supplied by the man who did the job was an iron cover sold by complainant and charged on its books to Hutchins. There was no profit from this contract.

As to the Kimball contract: This was work in making certain changes in a water plant which had previously been installed at Kimball's place in South Kingstown, and amounted to $397. Respondent testifies that the contract was made and the work done after his separation from complainant. Kimball testifies that he personally desired that respondent should do this job and waited until respondent had severed his connection with complainant before he had the work done.

There is nothing on the record to show that complainant had any direct or indirect interest in either of these contracts.

As to the allegation that respondent while in the employ of complainant for his own subsequent use copied a card index of customers, there is nothing more offered in proof by complainant than the opportunity given respondent to make such a copy. The respondent absolutely denies either making such a copy, having one made by others for his own benefit, or at any time before or after his resignation being in possession of such a copy.

There is no proof offered by complainant of any loss resulting from the alleged inattention of respondent to complainant's business.

The bill is therefore dismissed with costs.

For complainant: Easton, Williams & Rosenfeld.

For respondent: Comstock & Canning.